**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cynthia LOWNEY, a/k/a Cynthia**
**Teresa Lowney, Defendant–**
**Appellant.**

Docket Nos. 01–6116(L), 01–6133(CON), 01–6118(CON), 01–6122(CON).

United States Court of Appeals, Second Circuit.

April 18, 2002.

Cynthia T. Lowney, pro se, Staten Island, NY, for Appellant.

Thomas A. McFarland, Assistant United States Attorney for the Eastern District of New York (Alan Vinegrad, United States Attorney, Varuni Nelson, Assistant United States Attorney, on the brief) Brooklyn, NY, for Appellee.

Present RALPH K. WINTER, POOLER and B.D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is VACATED IN PART AND REMANDED.

Defendant Cynthia Lowney, *pro se*, appeals from the April 19, 2001, judgment of the United States District Court for the Eastern District of New York (Avern Cohn, *Judge* ) granting summary judgment to plaintiff in this lawsuit to recover the principal balance and interest on several defaulted student loans. In complaints filed in July 1997 that were later consolidated, the government alleged that Lowney defaulted on several student loans from New York University, Rutgers University and the State University of New York at Buffalo that the federal Department of Education had guaranteed in the 1970s. After extensive litigation regarding both Lowney's liability to the government and the amount she owed, the district court in a memorandum and order dated November 13, 2000, granted in part the government's motion for summary judgment and directed the government to submit an order indicating the total amount of judgment. The district court subsequently denied Lowney's motion for reconsideration of its order. On April 18, 2001, the district court signed a judgment indicating that Lowney owed the government $4,226.76, which represented the loans' principal balances, accrued interest and costs. Lowney now appeals.

After careful review of the record, we hold that the district court correctly rejected Lowney's defenses to liability, which concerned the statute of limitations, lack of personal service, and res judicata. However, we find that further consideration is warranted with respect to Lowney's contention that she is entitled to some degree of forbearance on the loans due to her teaching service and participation in Volunteers in Service to America ("VISTA"). Lowney submitted some evidence that she had worked as a teacher, but she did not present evidence that she ever actually applied for forbearance as 34 C.F.R. § 674.52(a) requires. It is within the discretion of the district court to permit Lowney to submit evidence of her application as well as relevant evidence pertaining to service as a VISTA volunteer. We also find that remand is required for further proceedings on the issue of the precise amount due on the loans. The government concedes that its evidence on this issue did not conform to the district court's direction to provide specific information regarding the making of the loans, the payments on the loans and the balances as of the date of the month preceding the government's summary judgment motion. In addition, the government acknowledges that the calculations of amounts due must consider receipts from New York University that Lowney submitted to the court and offsets from Lowney's federal income tax refunds. We therefore vacate that portion of the judgment relating to the amount Lowney owes on the defaulted student loans and remand for further proceedings.

We have considered all of defendant-appellant's remaining arguments and find them to be without merit.