**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cynthia LOWNEY, Defendant–
Appellant.**

**Docket No. 03–6212.**

United States Court of Appeals,
Second Circuit.

May 7, 2004.

Thomas A. McFarland, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Varuni Nelson, Assistant United States Attorney, on the brief) (on submission), for Appellant.

Cynthia T. Lowney, Staten Island, N.Y. for Appellee, pro se.

Present: OAKES, WINTER and CALABRESI.

SUMMARY ORDER

This action to recover unpaid student loans from Cynthia T. Lowney, a *pro se* defendant, returns to us after a remand

following an earlier appeal. In that appeal, we affirmed the district court's rejection of Lowney's defenses (which concerned lack of personal notice, the statute of limitations, and res judicata), but sent the case back for calculation of the precise amount due and for consideration of Lowney's receipts for payments to New York University (N.Y.U), offsets from Lowney's federal income tax returns, and her claim that participation in Volunteers in Service to America (VISTA) entitled her to some loan forbearance. *See United States v. Lowney*, 32 Fed.Appx. 618 (2d Cir.2002) (unpublished disposition).

On remand following the earlier appeal, the district court issued two orders requesting that the parties file specific information, to which the government and then Lowney, in turn, responded with unsworn letter submissions and attachments. The government asserts that, after Lowney's submission, a member of the court's staff telephoned to direct it to file a reply. The government's reply consisted of summary judgment papers, together with a movant's notice to *pro se* litigants opposing summary judgment, required by Rule 56.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Upon receiving the government's summary judgment papers, but prior to receiving any response from Lowney, the district court entered judgment for the government for $3,690.47, adopting the government's statement of undisputed facts, which conceded that Lowney was entitled to credit on the NYU loan for $450 on principal and $33.75 on interest, based on teaching service under VISTA, recognized seven offsets from federal income tax refunds, and found that the NYU receipts did not relate to the NYU loan at issue here.[1]

When the district court received Lowney's response to the government's summary judgment papers, it had already issued its decision. In an order dated September 26, 2003, the district court construed Lowney's response as a motion for reconsideration, found "there was no good reason for the Court not to conclude the case following the June 20, 2003, filings by plaintiff," and denied reconsideration on grounds Lowney had not demonstrated error in its decision.

We find that the district court erred in entering summary judgment against Lowney without considering her response to the government's motion. The court's September 26, 2003, order does not assure us that it afforded Lowney the same consideration her submissions would have received had they been considered on the motion for summary judgment. The district court's judgment will be vacated and the case remanded for further proceedings to permit Lowney to re-submit response papers that will conform to Local Civil Rule 56.1.

On remand, the district court may want to consider whether Lowney would be better served by appointed pro-bono counsel. In addition to the procedural irregularities below, Lowney faced a number of other difficulties as a *pro se* litigant. Lowney has attended numerous status conferences in the proceedings below, as well as the most recent oral argument before this Court, for which the government or its designated counsel failed to appear. Communications with parties, document filings, and the transmission of the record in this case may all have been complicated by the fact that the district judge to whom this case is assigned is located in Michigan. Furthermore, the loans involved in this case are so old that both Lowney and the

---

1. The government argued the NYU receipts were irrelevant because Lowney would have had "no incentive to make payments on loans for which no interest was accruing at the time." (Govt.'s Mem. of Law filed June 20, 2003 at 21.)

government have had difficulty garnering original loan documents, proof of payments, IRS offsets (and possibly IRS offsets applied to any duplicate loans which have been dismissed, or as Lowney also alleges, applied to loans belonging to other individuals), and proof of other credits or forbearances. Our hope is that on remand from this appeal, the district court will be able to give this case careful consideration with the benefit of a fully and properly submitted motion for summary judgment, together with affidavits and statements of undisputed and disputed facts from the parties.

Accordingly, the judgment of the district court is vacated and the case remanded.